**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MILTON KEITH TOLLAR and
SOFIA TOLLAR**                                                                                                       **PLAINTIFFS**

**VS.**                                                              **CIVIL ACTION NO. 2:11-CV-054-GHD-JMV**

**CITY OF SOUTHAVEN, MS; SOUTHAVEN
POLICE OFFICER BRENT VICKERS, and
Defendants A, B, C, D, E, and F in their individual
capacities, all of which whose names are presently
unknown but will be substituted by amendment
when ascertained.**                                                                                                **DEFENDANTS**

## AGREED PROTECTIVE ORDER

UPON APPLICATION of the Defendants, City of Southaven, MS and Southaven Police Officer Brent Vickers (hereinafter "Defendants"), and by agreement of the parties, for good cause, and pursuant to the Federal Rules of Civil Procedure, the Court finds that a Protective Order should be entered for the purpose of protecting those documents collectively identified as the personnel files of Sergeant Ben Bynum, Sergeant Will Cunningham, Officer Justin Fox, Officer Josh Napper, Sergeant Ronnie Noe, Sergeant Kevin Sanders, Lieutenant Brent Vickers, Officer Michael Wade, and Sergeant Tim Yancey, and any and information contained therein.

1.  The Protective Order shall apply to disclosure and production of any information contained in the personnel files of Sergeant Ben Bynum, Sergeant Will Cunningham, Officer Justin Fox, Officer Josh Napper, Sergeant Ronnie Noe, Sergeant Kevin Sanders, Lieutenant Brent Vickers, Officer Michael Wade, and Sergeant Tim Yancey, whether disclosed formally or informally, through testimony or in writing. Any and all information disclosed in these documents shall be used only in the course and scope of the above captioned proceedings. The information will be disclosed to the above named parties and their attorneys. The named parties

may not disclose the information to any other person. The parties' attorneys may disclose the information only to those individuals whose assistance is needed to prepare the case for trial. The parties' attorneys are responsible for advising such individuals of the terms of this Order and the prohibition against further disclosure of said information.[1]

    2. Documents produced in discovery, specifically the personnel files of Sergeant Ben Bynum, Sergeant Will Cunningham, Officer Justin Fox, Officer Josh Napper, Sergeant Ronnie Noe, Sergeant Kevin Sanders, Lieutenant Brent Vickers, Officer Michael Wade, and Sergeant Tim Yancey, shall not be copied, reproduced, or presented to anyone for review, except as provided in Paragraph 1 herein. The term "documents," as used in this paragraph, includes transcripts of any depositions referring to or otherwise discussing the personnel files of Sergeant Ben Bynum, Sergeant Will Cunningham, Officer Justin Fox, Officer Josh Napper, Sergeant Ronnie Noe, Sergeant Kevin Sanders, Lieutenant Brent Vickers, Officer Michael Wade, and Sergeant Tim Yancey.

    3. This Protective Order has been entered to facilitate discovery in this action. Neither the entry of this Protective Order nor the disclosure of any information, document, or the like shall constitute an admission on the part of Defendants that such information is admissible in evidence with respect to any issue in this cause. Defendants reserve the right to assert any and all proper evidentiary objections concerning the information disclosed pursuant to this Protective Order.

    4. Counsel and their clients agree that the terms of this Order shall continue to be binding after the conclusion of this litigation.

---

[1] This Order shall not prevent either party from using the information provided pursuant to this Order as a part of or as an exhibit to any filing with the Court in this case (after proper motion for an order sealing the confidential information if necessary).

     5.     Upon the close of this litigation, whether by settlement, trial or appeal, all documents and/or information produced to the Plaintiffs, Milton Keith Tollar and Sofia Tollar, by Defendants pursuant to this Protective Order shall be returned to Counsel for Defendants or shall be destroyed by Counsel for the Plaintiffs, Milton Keith Tollar and Sofia Tollar.

     6.     Failure to comply with the provisions of this Order shall constitute a basis for sanctions imposed by the Court.

SO ORDERED, this the 13th day of September, 2011.

                                  /s/ Jane M. Virden
                                  UNITED STATES MAGISTRATE JUDGE

PREPARED BY:

/s/ Robert E. Hayes, Jr.
Robert E. Hayes, Jr. (MSB #100717)
David E. Rozier, Jr. (MSB #5712)
*Attorneys for Defendants*

AGREED:

/s/ Philip A Stroud
Philip A. Stroud (MSB # 99401)
William B. Ryan (MSB # 99667)
*Attorneys for Plaintiff*

OF COUNSEL:

ROZIER HAYES, PLLC
5740 Getwell Road
Building 9, Suite A
Southaven, Mississippi 38672
Telephone: (662) 890-6909
Facsimile: (662) 890-6928
E-mail:     rhayes@rohalaw.com
              drozier@rohalaw.com